DECIDED MAY 14, 1987 —
REHEARING DENIED MAY 28, 1987 —

*Gregory Z. Schroeder*, for appellant.
*Linda S. Finley , Assistant Solicitor*, for appellee.

## 74649. CALDWELL v. THE STATE.
(357 SE2d 845)

DEEN, Presiding Judge.

Appellant Caldwell was convicted of burglary, involving the theft of a bicycle from the screened porch of an apartment, and sentenced to ten years' imprisonment. Three witnesses, including the bicycle's owner, testified that they saw a person answering to the description of defendant/appellant walking through the yard of the apartment complex at about the time the bicycle was alleged to have disappeared; two of these same witnesses, neighbors of the bicycle's owner, testified to seeing this person riding a bicycle away from the complex some two to four minutes after he was first seen on the grounds; two witnesses (including the owner/victim and one of the neighbors) testified that they had heard a "clanking" sound such as might have been made by the closing of a screen door. None of the witnesses actually saw the defendant or anyone else enter the screened porch and move the bicycle from where it usually was.

One of the witnesses summoned the local police immediately after observing the actions narrated, supra, and shortly thereafter appellant was picked up with a bicycle in his possession. According to the victim, she had bought her bicycle several months previously for the price of $20; she had regularly kept her bicycle on the screened porch; the bicycle was not there after the stranger (identified as the defendant) had been seen on the premises; and the bicycle recovered from the defendant was not hers.

The testimony of the investigating officer was that the victim's bicycle was never recovered. There is no evidence in the record as to the ownership of the bicycle found in defendant's possession, or how he happened to have it.

At the close of the state's evidence, the defense moved for a directed verdict on the basis that the state had not established the elements of the offense sufficiently to support a conviction. The motion was denied. The defendant then took the stand and denied that he had entered the screened porch or taken the bicycle; he further denied that he had been in the vicinity at all. The defense presented no other evidence. Following his conviction, Caldwell appealed to this

court, enumerating as error (1) the sufficiency of the evidence and (2) the trial court's denial of his motion for a directed verdict of acquittal. *Held*:

1. OCGA § 16-7-1 provides, in relevant part, that "[a] person commits the offense of burglary when without authority and with the intent to commit a felony or theft therein, he enters . . . the dwelling house of another . . . or any part thereof." The essential elements of burglary are unauthorized entry and intent to commit a theft or other felony. Without proof of the essential element of unauthorized entry, a burglary conviction cannot stand. *Wells v. State*, 151 Ga. App. 416 (260 SE2d 374) (1979); *Knowles v. State*, 124 Ga. App. 377 (183 SE2d 617) (1971). An unauthorized entry cannot be inferred from mere recent possession of stolen goods. *Wells v. State*, supra. As for intent, circumstantial evidence (e.g., presence at the scene at the crucial time, recent possession of goods having been identified as having been stolen) must often be relied upon for proof of the element of intent. *Kinney v. State*, 155 Ga. App. 95 (270 SE2d 209) (1980). The trier of fact may find intent upon consideration of words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is being prosecuted. OCGA § 16-2-6; *Mallette v. State*, 119 Ga. App. 24 (165 SE2d 870) (1969). Mere presence at the scene of the crime, however, is insufficient, without more, to support a conviction. *Thornton v. State*, 119 Ga. 437, 439 (46 SE 640) (1903). *Parham v. State*, 166 Ga. App. 855, 856 (305 SE2d 599) (1983). When a defendant is found in possession of allegedly stolen goods, the identity of those goods must be positively established in order to sustain a conviction. *Collins v. State*, 176 Ga. App. 634 (337 SE2d 415) (1985); *Tommie v. State*, 158 Ga. App. 216 (279 SE2d 510) (1981); *Davis v. State*, 154 Ga. App. 803 (269 SE2d 874) (1980).

In the instant case, three witnesses identified defendant/appellant as the person seen on the apartment grounds at the time when the victim's bicycle allegedly disappeared. No one saw the defendant — or anyone else — actually enter or leave the screened porch, however. Two witnesses saw him leaving the scene on a bicycle; but the bicycle found in his possession shortly thereafter was not identified as having belonged to the victim or as being the bicycle that usually was on the screened porch; in fact, the victim in open court expressly denied that the bicycle found in Caldwell's possession belonged to her.

Our careful examination of the record *sub judice*, including the trial transcript, persuades us that the net of circumstance, often sufficiently strong and well-wrought to capture and contain the most elusive suspect, was in this case too loosely woven and too riddled with holes to support a conviction. We find the evidence, when viewed in the light most favorable to the verdict, insufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that the

appellant was guilty as charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We must, therefore, reverse the conviction.

2. Having held, supra, that appellant's first enumeration of error was meritorious, we find it unnecessary to reach his second enumeration.

*Judgment reversed. Birdsong, C. J., and Pope, J., concur.*

DECIDED MAY 14, 1987 —
REHEARING DENIED MAY 28, 1987.

*Wilton E. Stone, Jr.*, for appellant.
*H. Lamar Cole, District Attorney, Elise B. Ossen, Assistant District Attorney*, for appellee.