### 76845. FARMER v. THE STATE.
(373 SE2d 68)

BIRDSONG, Chief Judge.

Appellant, Alex D. Farmer, appeals his conviction of one count of possession of cocaine and one count of possession of marijuana. From the evidence introduced, the jury was authorized to believe that during the early morning hours of December 4, 1986, approximately 2:55 a.m., members of the Albany Police Department executed a search warrant of a house it had under surveillance for the previous three days. Appellant Farmer had been "in and out" of and was known "to frequent that area." The officers entered the house from the front and rear at the same time. Farmer was found lying on a mattress in the front room. George Chaney was standing by the front door and Leonard Chaney was lying close to the mattress where Farmer was found. The officers executing the warrant found three small packets of marijuana, one marijuana cigarette, and three small and one large packet of cocaine near the mattress. Also found under the mattress where Farmer was lying was $359.22 in bills and change. The Chaneys and Farmer were placed under arrest and taken to a police car. The officers were unable to turn off a kerosene heater in the searched apartment and asked the Chaneys and Farmer if they knew how the heater could be turned off. Leonard Chaney and Farmer advised the officers they "lived there" and all three volunteered to turn off the heater. The cocaine and marijuana were packaged in small packets usually associated with dealers who possessed drugs for sale. *Held*:

Appellant contends the trial court erred "in failing to grant [his] motion for a directed verdict. . . ." The basis for such argument is that the evidence did not show he "was in possession of any contraband" and a lack of any evidence showing any connection between him and the contraband. "Possession may be joint or exclusive, and actual or constructive." *Garvey v. State*, 176 Ga. App. 268, 274 (335 SE2d 640). " 'A finding of constructive possession must be based upon some connection between the defendant and the contraband other than spatial proximity.' . . . Evidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." *Shirley v. State*, 166 Ga. App. 456, 457 (304 SE2d 468). " ' "Merely finding contraband on premises occupied by defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime." ' " *Anderson v. State*, 166 Ga. App. 459, 460 (304 SE2d

550).

"The difference between actual and constructive possession is one of degree and 'often so shade into one another that it is difficult to say where one ends and the other begins.' [Cit.] Where drugs are found in the 'immediate presence' of the defendant, the jury is authorized to find they are 'in the constructive possession' of the accused. *Wisdom v. State*, 234 Ga. 650, 654 (217 SE2d 244)." *Garvey*, supra at 274. The drugs here were found in the "immediate presence" of the appellant. The jury would be authorized to convict if they should find beyond a reasonable doubt that the appellant " 'had actual or constructive possession either alone or jointly with others.' " *State v. Lewis*, 249 Ga. 565, 567 (292 SE2d 667). "If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction." *Castillo v. State*, 166 Ga. App. 817, 819 (305 SE2d 629).

Here, the evidence established that appellant had been seen "in and out" of the house and area, he knew how to turn off the kerosene heater in the searched apartment, he was spending the night in the house, admitted he lived there, and marijuana and cocaine were found adjacent to the mattress he was sleeping on, and money was found under the mattress. The totality of the evidence was sufficient to connect the appellant to possession of the drugs, even though the evidence would have authorized a finding that others had equal access to the same drugs. *Ramsay v. State*, 175 Ga. App. 97, 100 (332 SE2d 390); *Pamplin v. State*, 164 Ga. App. 610, 611 (298 SE2d 622); *Teems v. State*, 161 Ga. App. 339, 340 (287 SE2d 774).

When viewed in the light favorable to the verdict, as an appellate court is required to do on appeal, the evidence was sufficient to enable any rational trier of fact to find the existence of guilt of the appellant for the offenses charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). Hence, based upon the evidence cited above, the trial court did not err in refusing to direct a verdict of acquittal. *Lee v. State*, 247 Ga. 411 (6) (276 SE2d 590); *Maddox v. State*, 170 Ga. App. 498 (1) (317 SE2d 617).

*Judgment affirmed. Banke, P. J., concurs. Beasley, J., concurs in judgment only.*

DECIDED SEPTEMBER 12, 1988.

*John F. Salter*, for appellant.
*Hobart M. Hind*, District Attorney, *Melodie B. Swartzbaugh*, Assistant District Attorney, for appellee.