A95A1650. THOMAS v. THE STATE.
(461 SE2d 305)

BIRDSONG, Presiding Judge.

Johnny Thomas, Jr., appeals his conviction of possession of a firearm by a convicted felon and theft by receiving. He enumerates that the trial court erred in denying his motion for directed verdict of acquittal, that the verdict is contrary to the evidence and without evidence to support it, and that the trial court erred in denying his request for a limiting instruction concerning the evidence of a prior conviction in its charge to the jury. *Held*:

1. As a general rule, "a motion for directed verdict in a criminal trial should only be granted where there is no conflict in the evidence and the evidence demands a verdict of acquittal as a matter of law. [Cit.]" *Taylor v. State*, 252 Ga. 125 (1) (312 SE2d 311). However, the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) "is the proper test for us to use when the sufficiency of the evidence is challenged, whether the challenge arises from the overruling of a motion for directed verdict or the overruling of a motion for new trial based upon alleged insufficiency of the evidence." *Humphrey v. State*, 252 Ga. 525, 527 (1) (314 SE2d 436).

The owner of the stolen pistol testified that the last time he saw the weapon it was in his motor vehicle. A man named Michael Kendrick rode in the owner's vehicle when they went to obtain more plumbing parts. Kendrick departed the vehicle stating he was going to another store and return; he never returned to the vehicle and the owner has not seen him since that time. A few days later the owner

discovered his gun was missing and called the police. The stolen weapon was a .38 special; when appellant was arrested, he had five .38 caliber cartridges, one of a slightly different brass or copper-tone color, in his possession. These cartridges are similar to five of the six cartridges that were in the weapon when it was stolen.

Two days following appellant's arrest for parole violation, his teenage brother found the stolen weapon under a chest of drawers in the home of appellant's father and stepmother; appellant's stepmother called the police. At trial, appellant's brother denied either that he had told the police that Michael Kendrick gave the gun to appellant or that he had made any statement to Investigator Heaton or the police. The brother then was cross-examined over the contents of a statement which was drafted and signed by the investigator in order to reduce to writing the oral statement made to the investigator by the brother. This statement ultimately was admitted in evidence without objection; the admission of this particular statement is not enumerated as an appellate error.

The trial court correctly charged inter alia that the jury was authorized to consider prior inconsistent statements not only for purposes of impeachment but also as substantive evidence in the case. "[A] prior inconsistent statement of a witness who takes the stand and is subject to cross-examination is admissible as substantive evidence, and is not limited in value only to impeachment purposes." *Gibbons v. State*, 248 Ga. 858, 862 (286 SE2d 717).

During cross-examination, the brother claimed he did not tell the police Michael Kendrick gave the gun to appellant; however, he did imply he made the statement because his mother had told him to do so. The prior inconsistent statement, which the brother signed, asserted that he had observed appellant hide the gun under the chest of drawers on the night of appellant's arrest and that appellant had obtained the gun from Michael Kendrick. Contrary to appellant's contention, the portion of his brother's statement relating that appellant had obtained the gun from Michael Kendrick does not establish on its face that such factual assertion was based upon hearsay to which no exception as to admissibility applies. Also admitted without objection, and without any request by appellant for a limiting instruction, were documents establishing appellant's prior felony conviction of burglary of a school building. Thus, there was admissible substantive evidence of record that appellant was a convicted felon and that he had been in physical possession of a stolen weapon which he hid on the night of his arrest.

Additionally, the trial court charged the jury as to the permissible inference that can be drawn from the recent possession of stolen property. Although knowledge is an essential element of the offense of receiving stolen property, "proof of from whom a stolen article was

received is not an essential element of the crime of receiving stolen property." *Abercrombie v. State*, 145 Ga. App. 204, 205 (243 SE2d 567). "A defendant's knowledge that goods are stolen can be established by both direct and circumstantial evidence. [Cit.] Although guilty knowledge is essential to a conviction of the accused, such knowledge can be inferred from circumstances, which would, in the opinion of the jury, lead a reasonable man to believe that the goods were stolen. [Cit.] And, in a theft by receiving stolen property, where the principal thief is unknown, there is no burden on the State to prove that the thief was not the defendant. [Cit.] Further, in this case, the trial court instructed the jury as to the inference of guilt that may be drawn from the recent, unexplained possession of stolen property, and that an unexplained possession of recently stolen property will not standing alone support an inference of guilty nor authorize a conviction of theft by receiving stolen property." *Daras v. State*, 201 Ga. App. 512, 513 (1) (c) (411 SE2d 367). Although not a required element of proof, in this instance, there exists independent substantive evidence, albeit circumstantial, that appellant obtained the gun from Michael Kendrick. Kendrick had access to the weapon a relatively short period of time before it was discovered stolen, and he fled the owner's vehicle by using a ruse that he was going to another store and then would return. Five cartridges were found in appellant's pocket at the time of his arrest, which were similar to those in the gun at the time of its theft. There also exists independent substantive evidence that appellant hid the weapon shortly before his arrest. From this latter conduct alone, a jury could reasonably infer that appellant hid the weapon because of his consciousness of guilt, specifically that he was a convicted felon in possession of a stolen weapon. "This [variety of] independent evidence, together with the permissible inference, above discussed, was ample evidence of guilt for a rational jury to decide whether that evidence, circumstantial though it may be, was sufficient to warrant a conviction for theft by receiving stolen property as averred" and of possession of a firearm by a convicted felon. Id. at 514.

On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility. *Grant v. State*, 195 Ga. App. 463 (1) (393 SE2d 737). To support the verdict, circumstantial evidence must only exclude reasonable hypotheses; it need not exclude every inference or hypothesis except that of the defendant's guilt. *Smith v. State*, 257 Ga. 381, 382 (359 SE2d 662). Under this rule, the State is not required to remove every possibility of innocence of the crime charged. *Ross v. State*, 214 Ga. App. 697, 698 (448 SE2d 769). Viewing the evidence of

this case in a light most favorable to the verdict, we conclude the jury rationally could have found that it excluded every reasonable hypothesis except that of the defendant's guilt as to the offenses of which he was convicted; the jury was authorized by the evidence presented to exclude other possible hypotheses as unreasonable (id. at 699). Review of the transcript reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the offenses of which convicted. *Jackson v. Virginia*, supra.

2. Appellant contends the trial court erred in denying his request for an instruction limiting the purpose for which the jury could consider appellant's prior burglary conviction to the issue of whether appellant was a convicted felon — an essential element of the charge of possession of a firearm as a convicted felon. There exists no duty for the trial court to give such a limiting instruction sua sponte; the duty to give this type of limiting instruction arises only where a request to charge has been made to the trial court. See generally *Brown v. State*, 263 Ga. 89, 91 (2) (428 SE2d 78); *Head v. State*, 262 Ga. 795, 798 (4) (426 SE2d 547); *Davis v. State*, 260 Ga. 338 (393 SE2d 260); *Head v. State*, 253 Ga. 429, 432 (3) (d) (322 SE2d 228).

The transcript reveals that the evidence of appellant's prior felony conviction was admitted expressly without objection by appellant and without any simultaneous request for a limiting instruction. Appellant did not present any written request for a limiting instruction to the trial court. Following the court's charge to the jury, the trial judge expressed his concerns as to whether a limiting instruction should be given regarding the evidence of appellant's prior burglary conviction. Appellant's counsel conceded that he had covered the subject in his closing argument but orally requested a limiting instruction. The trial court did not rule on this request but proceeded to examine other issues. During this colloquy appellant indicated he would reserve his objections to the charge given. The trial court then inquired whether the jury should be recalled for purposes of defining the term "firearm." The court addressed counsel stating, "would either side like for me [to] call them back in," to which counsel for appellant responded that he did not believe it was necessary to do so in this case. It is a general rule that " 'when evidence is admitted for one purpose, . . . it is not error for the court to fail to instruct the jury to limit its consideration to the one purpose for which it is admissible, *in the absence of a request to so instruct the jury*. (Cits.)' [Cit.] It must be a 'proper written' request. [Cits.]" *Moore v. State*, 202 Ga. App. 476, 480 (3) (414 SE2d 705). Appellant has failed to make any proper request in writing for a limiting instruction. However, he asserts that, as in *Moore*, supra, this case constitutes an exception to the general rule that a proper request for limiting instruc-

tion must be timely made in writing. We find *Moore*, supra, to be factually distinguishable from this case and therefore not controlling as precedent. Specifically in *Moore*, appellant had no opportunity to submit a prior written request due to lack of notice until the morning of trial; in the case at bar, Count 1 of the indictment averred that the burglary conviction was the felony conviction underlying the charge of possession of a firearm by a convicted felon. Accordingly, appellant was aware that the burglary conviction would be introduced in evidence before trial commenced and had ample opportunity to comply with the general rule. Secondly, in *Moore*, the trial court stated it would instruct the jury as to the evidentiary limitation but failed to do so, thereby lulling appellant into believing that a limiting instruction would be given without the necessity for a formal written request to instruct. Thirdly, in *Moore*, the error was exacerbated by a general charge that direct evidence includes the exhibits admitted in evidence and the only exhibit admitted was the prior conviction causing the jury to conclude that the conviction was direct evidence of guilt as to all issues; while a similar general charge was given in this case, there were several exhibits, including the stolen pistol and the seized cartridges, in evidence, thereby substantially reducing the risk that the jury would focus on the prior conviction as direct evidence of the offense of theft by receiving stolen property. Considering these factors in their totality, we find no adequate reason to depart in this case from the general rule requiring a prior proper written request for limiting instruction.

Additionally, appellant selected a trial strategy of not preparing in advance a written request to instruct, failing to request a limiting instruction at the time the evidence of prior conviction was admitted, failing to raise the issue after charges were given until after the trial court sua sponte questioned whether a limiting instruction should be given, and subsequently interrupting the trial judge and affirmatively asserting that recall of the jury was not necessary after the judge had also questioned whether the jury should be recalled to be given a definition of the term, "firearm." The totality of appellant's trial strategy aided in causing the trial court not to recall the jury for purposes of giving them a limiting instruction regarding the burglary conviction evidence. It is well established that "[o]ne cannot complain of trial procedure utilized by the trial court which his own trial tactics or conduct procured or aided in causing. [Cits.]" *Williams v. State*, 205 Ga. App. 445, 446 (2) (422 SE2d 309).

For each of the above reasons, we decline to find reversible error, under the circumstances attendant, in the trial court's failure to give a limiting instruction based on an oral request to charge which was not made until after the trial court's express inquiry following the conclusion of its charge to the jury.

*Judgment affirmed. Johnson and Smith, JJ., concur.*

DECIDED AUGUST 17, 1995.

*Randolph E. Wynn*, for appellant.
*Edward D. Lukemire, District Attorney*, for appellee.