A97A0508. RYANS v. THE STATE.
(487 SE2d 130)

SMITH, Judge.

Jarvis Jarmell Ryans, Johnathan Moran Davis, and Leroy Thomas Foster II were indicted by a Bibb County grand jury on one count of possession of cocaine with intent to distribute, OCGA § 16-13-30 (b). They were convicted by a jury. Their motions for new trial were denied, and Ryans brings this appeal.

1. Ryans enumerates the general grounds, contending that the evidence was insufficient because it shows only his mere presence at the scene. Construed in favor of the jury's verdict, the evidence showed that several officers with the Macon Police Department responded to a call from a local resident that drug transactions were

taking place at two apartment buildings that had been the site of numerous drug arrests, searches, and complaints in the past. When the officers arrived at the scene, two individuals standing on the street attempted to run; one was apprehended. After placing that individual in a police car, the officers found three men, later identified as Ryans, Davis, and Foster, in the dark at the rear of the apartments, on or near a railing between the buildings. Drugs were found beside a chair next to the railing. More drugs were found on the ground on the other side of the railing, directly below the men. An officer testified that a total of 35 rocks of crack cocaine were recovered, worth approximately $700. According to the officer, this was more cocaine than a user would have in his possession. No pipes or smoking materials were found by the police, but Ryans was carrying a total of $136 in twenties, tens, and six ones and a flashlight with a blue lens, which he contended he used in his employment at a car wash. In the officer's opinion, not many drug dealers would allow such a large quantity of cocaine out of their possession for very long.

Questioned by the police, Ryans told them that he had come to the apartments to visit a friend, Williams. The police inquired of Williams's sister, a resident, who told them orally and in a written statement that Williams did not live there and was not supposed to be there. The sister testified at trial and affirmed her written statement, although she acknowledged on cross-examination that her brother had a key to her apartment and occasionally stayed there.

Ryans signed a waiver of counsel form and gave a written statement to police in which he acknowledged he knew about the cocaine but claimed that it belonged to Davis and Foster. Davis, on the other hand, denied possessing the cocaine but implicated Ryans and Foster, while Foster volunteered to the arresting officer that he had knowledge of the cocaine. Ryans took the stand and denied having possessed or seen any drugs on the night in question. He testified that he used the flashlight to clean out the car wash equipment at his job, but when asked why he could use it for such a purpose without a strong white light, he asserted that the police put the blue lens in his flashlight. He also asserted that the police fabricated his statement. Davis and Foster also testified, denying any knowledge of the drugs.

A finding of constructive possession of drugs "must be based upon some connection between the defendant and the contraband other than spatial proximity." (Citations and punctuation omitted.) *Llaguno v. State,* 197 Ga. App. 789, 790-791 (1) (399 SE2d 564) (1990). Such additional evidence may include: inculpatory statements, *Harvey v. State,* 212 Ga. App. 632, 634 (2) (442 SE2d 478) (1994); giving a false explanation to the police for presence on the scene, *Thomas v. State,* 207 Ga. App. 140, 145 (426 SE2d 923) (1993), *Bean v. State,* 204 Ga. App. 242, 243 (1) (418 SE2d 798) (1992); or

possessing large sums of cash or paraphernalia consistent with the sale of contraband, *Mitchell v. State*, 222 Ga. App. 453 (474 SE2d 306) (1996), *Whitfield v. State*, 217 Ga. App. 402, 405 (457 SE2d 682) (1995). And while mere presence is insufficient to convict an accused of being a party to a crime, the testimony of an accomplice tending to connect the accused to the crime will support a jury's verdict if supported by slight evidence, which may be circumstantial. *Earl v. State*, 214 Ga. App. 891, 892 (1) (449 SE2d 361) (1994).

After the jury's verdict of guilty, Ryans can no longer rely on the presumption of innocence, and this Court cannot re-weigh evidence or judge the witnesses' credibility. We must construe the evidence to uphold the verdict and determine only whether the evidence is such as to enable any rational trier of fact to find Ryans guilty of the crime charged beyond a reasonable doubt. *Clark v. State*, 197 Ga. App. 318, 320 (1) (398 SE2d 377) (1990). Ryans was found in the presence of a large quantity of cocaine, admitted knowledge of the presence of the cocaine, gave an explanation for his presence that was inconsistent with the testimony of another witness, had no equipment for personal use of the drug but had cash and a flashlight with a blue lens on his person, and was implicated by a co-defendant. "Under these circumstances, we find the evidence against [Ryans] was sufficient to find [him] guilty of joint constructive possession, or at least as a party to the crime. [Cits.]" *Harvey*, supra at 634 (2).

2. Ryans also asserts the trial court erred in permitting a police officer to give opinion testimony regarding the customs of the drug trade and the amount of cocaine that would be possessed by a dealer as opposed to a casual user. See generally *Davis v. State*, 200 Ga. App. 44, 45-46 (2) (406 SE2d 555) (1991). We do not reach this issue, however, because Ryans made no objection to this testimony. In order to assert this ground on appeal, it was necessary for Ryans to make a specific objection at the time the evidence was offered. His failure to do so resulted in a waiver of his right to object on appeal. *Smarr v. State*, 199 Ga. App. 572, 573 (2) (405 SE2d 561) (1991). Ryans contends on appeal that he did not object because "any objections made would be helping the state present [its] case against the defendant." This is arguably true of any contemporaneous objection, however. A defendant must choose between giving the trial court an opportunity to rule, although incidentally offering some guidance to the State, and failing to preserve an issue for appeal. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." (Citations and punctuation omitted.) *Wilkes v. State*, 221 Ga. App. 390, 394 (4) (471 SE2d 332) (1996).

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED MAY 29, 1997.

Before Judge Wilcox.

*James M. Cranford*, for appellant.

*Charles H. Weston, District Attorney, Laura D. Hogue, Assistant District Attorney*, for appellee.