A98A0178. FRANCIS v. THE STATE.
(497 SE2d 827)

Judge Harold R. Banke.

Amad Anthony Francis, a 17-year-old high school student, was convicted of possessing less than an ounce of marijuana. He enumerates three errors on appeal.

This case arose after customs officers notified the Tri-Cities Narcotics Task Force that a package containing cocaine had been shipped from the Virgin Islands to Francis' address, the apartment he had shared with his father and stepmother for less than four months. Task Force officers procured the package and obtained a search warrant. After the magistrate issued the warrant, agents arranged a controlled delivery. They hand-delivered the package to Francis' father, who signed for it. Shortly thereafter, seven plainclothes officers converged on the apartment. One used a battering ram on the door, which was partially open. Upon entering with guns drawn, the agents yelled, "Police, search warrant." The first two agents pursued Francis' father, who ran out the back door. The third arrested Francis, who was standing in the living room. The agents retrieved the 261 grams of cocaine they had delivered and discovered less than an ounce of marijuana, including seeds and butts, in an ashtray. Francis and his father were arrested for trafficking in cocaine and possession of marijuana.[1] *Held*:

1. The evidence, viewed in the light most favorable to the verdict, was insufficient to permit the jury to find Francis guilty of possession of marijuana beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). " 'Evidence of

---

[1] The trial court directed a verdict on the trafficking charge against Francis.

mere presence at the scene of the crime, and nothing more to show participation of a defendant in [an] illegal act, is insufficient to support a conviction.'" *Paden v. State*, 216 Ga. App. 188, 189 (1) (453 SE2d 788) (1995).

The record shows that agents discovered marijuana seeds in the upstairs bedroom, but presented no evidence connecting Francis with the bedroom. Although they also found marijuana butts in an ashtray on an end table in the living room and loose marijuana in a Macy's box under the coffee table, they found nothing on Francis to connect him with it. The area where the butts and loose marijuana were located was freely accessible to all residents of the apartment. Francis made no inculpatory or false statements, possessed no incriminating paraphernalia, had no prior drug convictions, and did not try to flee. See *Ryans v. State*, 226 Ga. App. 595, 596-597 (1) (487 SE2d 130) (1997). Francis' co-defendant did not implicate him. See *Williams v. State*, 207 Ga. App. 782, 784 (4) (429 SE2d 153) (1993). Nor did the State establish that Francis was under the influence of marijuana. Although there was conflicting testimony about the odor of marijuana in the apartment, an agent who recalled it conceded that the smell could linger for days.

Where, as here, the State provides no direct evidence of actual possession, a conviction may be sustained with proof of constructive possession. But spatial proximity to contraband, without more, is insufficient to support a finding of constructive possession. *Ryans*, 226 Ga. App. at 596 (1). Moreover, when proof of constructive possession depends on circumstantial evidence, such evidence " 'must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis.'" *Paden*, 216 Ga. App. at 189 (1). Here, the State presented no evidence meeting that criteria. See *Ryans*, 226 Ga. App. at 596-597 (1). Although officers found less than $200 in small bills on Francis, that and his mere presence in the apartment is insufficient to exclude every other reasonable hypothesis other than he possessed the marijuana.[2]

2. In light of this finding, we need not reach the remaining enumerations.

*Judgment reversed. Blackburn and Eldridge, JJ., concur.*

---

[2] The people were not well served by the State's efforts in this appeal. The State's response to the important issues raised in this enumeration consisted of three conclusory sentences. The first stated, without citation to the record, that Francis was "standing roughly three feet from marijuana" sitting on a coffee table. See Court of Appeals Rule 27 (c) (3) (i). The second stated, without citation to legal authority, the dubious conclusion that such evidence was sufficient to raise an inference of constructive possession. The third erroneously concluded that such inference satisfied the requisites of *Jackson v. Virginia*.

DECIDED MARCH 11, 1998.

*Elizabeth A. Baker*, for appellant.
*Robert E. Keller, District Attorney, Brian J. Amero, Assistant District Attorney*, for appellee.