## A99A1645. WIDENER v. THE STATE.
### (529 SE2d 899)

SMITH, Judge.

After a bench trial, Mark Jason Widener was convicted of possession of marijuana and appeals the judgment of conviction.

Construed to support the verdict, the evidence shows that the police executed a no-knock search warrant on the house of Kevin Clark. When they entered the house, the smell of marijuana smoke was overwhelming. They surprised a group of people sitting around a coffee table smoking marijuana. Widener was sitting at the coffee table, where less than an ounce of marijuana was lying "in plain view" in a plastic bag and two or three marijuana cigarettes were burning in the ashtrays on top of the coffee table. The officer did not testify that he observed Widener with a marijuana cigarette in his hand.

In his sole enumeration of error, Widener argues that the evidence did not show he was in possession of the marijuana. We disagree. "Possession may be joint or exclusive, and actual or constructive." (Citations omitted.) *Sanders v. State,* 199 Ga. App. 671, 672 (2) (405 SE2d 727) (1991). It is true that spatial proximity alone, or "mere presence at the scene of the crime, and nothing more to show participation of a defendant in the illegal act, is insufficient to support a conviction." (Citation omitted.) *Shirley v. State,* 166 Ga. App. 456, 457 (1) (304 SE2d 468) (1983). But

> [w]here drugs are found in the immediate presence of the defendant, the jury is authorized to find they are in the constructive possession of the accused. The drugs here were found in the immediate presence of the appellant. The jury would be authorized to convict if they should find beyond a reasonable doubt that the appellant had actual or constructive possession either alone or jointly with others. If there is any evidence of guilt, it is for the jury to decide whether that evidence, circumstantial though it may be, is sufficient to warrant a conviction.

(Citations and punctuation omitted.) *Farmer v. State,* 188 Ga. App. 375, 376 (373 SE2d 68) (1988).[1] In *Sanders,* supra at 671, this court

---

[1] While *Farmer* was originally physical precedent only, it has been cited repeatedly by this court with approval and without any indication of its precedential status. See, e.g.,

held that a jury was authorized to find Sanders in constructive possession of cocaine "within 'arm's reach' " in a closed matchbox on the nightstand next to a bed he was occupying. In a bench trial, the trial court sits as the trier of fact, and its findings are analogous to a jury verdict. *Green v. State*, 239 Ga. App. 617, 618 (2) (521 SE2d 441) (1999).

*Francis v. State*, 231 Ga. App. 112 (497 SE2d 827) (1998), relied upon by Widener, is inapposite here. In *Francis*, police officers conducted a controlled delivery of cocaine to Francis's father. As they attempted to arrest the father, they found Francis standing in the living room. Marijuana seeds were found in an upstairs bedroom, but no evidence connected Francis with that bedroom. Marijuana cigarette butts were found in an ashtray in the living room, and loose marijuana was found inside a box under the coffee table, but Francis was not connected to the marijuana.[2] Conflicting testimony was presented regarding the smell of marijuana in the apartment, and "an agent who recalled it conceded that the smell could linger for days." Id. at 113. We concluded that mere spatial proximity to contraband, without more, was insufficient to establish constructive possession. Id.

Here, in contrast, the evidence showed the marijuana was not only within arm's reach of Widener but in plain view and being smoked in Widener's immediate presence at the time the police entered the home. Even though the officer did not testify that he saw Widener or any other person at the coffee table in the act of smoking a marijuana cigarette, the trial court was authorized to find that Widener was, at the least, in joint and constructive possession of the marijuana. Viewed in the light most favorable to the verdict, the evidence was sufficient to enable any rational trier of fact to find Widener guilty of the offense charged, beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 21, 2000.

*D. Duston Tapley, Jr.*, for appellant.
*David B. Pittman, Solicitor*, for appellee.

---

*Sanders*, supra; *Hunt v. State*, 196 Ga. App. 694, 695 (2) (396 SE2d 802) (1990).

[2] We noted that the State failed to support by citation to the record its assertion that Francis was " 'standing roughly three feet from marijuana' " sitting on a coffee table. Id. at 112, n. 1.