A01A0401. LOCKLEAR et al. v. THE STATE.
(547 SE2d 764)

ELLINGTON, Judge.

A Floyd County jury convicted Timothy Locklear and his wife, Kelli, of felony theft by taking, OCGA § 16-8-2, after finding that the Locklears took a bank deposit bag containing approximately $10,000 in cash and checks from an automobile repair shop in June 1998. The jury also convicted Mr. Locklear of misdemeanor theft by taking, a charge which arose from the disappearance of a wallet from a retail

---

store during July 1998. The jury acquitted Mrs. Locklear of the misdemeanor count. The Locklears jointly appeal from the trial court's denial of their motion for a new trial, asserting that the evidence was insufficient to support their convictions.

Specifically, the Locklears contend the State presented a case based entirely on circumstantial evidence, which showed only that they were present at the scene of the alleged thefts. The Locklears argue that there was no evidence showing they ever had possession of the missing property and that employees and customers had access to the property at the time of the alleged theft. Therefore, the Locklears claim the evidence failed to exclude every reasonable explanation for the missing property except for their guilt. See *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998). We agree and reverse their convictions.

"On appeal the evidence must be viewed in the light most favorable to support the verdict, and appellant no longer enjoys a presumption of innocence; moreover, an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility." (Citations omitted.) *Thomas v. State*, 218 Ga. App. 371, 373 (1) (461 SE2d 305) (1995). In a case entirely dependent on circumstantial evidence, however, the State's evidence "must both be consistent with the hypothesis of guilt and must exclude every other reasonable hypothesis." (Citation and punctuation omitted.) *Francis v. State*, 231 Ga. App. at 113 (1). Even when the circumstantial evidence creates a strong suspicion of guilt, "mere suspicion is insufficient to support a conviction." *Willis v. State*, 214 Ga. App. 659, 660 (1) (448 SE2d 755) (1994).

Further, "[e]vidence of mere presence at the scene of the crime, and nothing more to show participation of a defendant in an illegal act, is insufficient to support a conviction." (Citation and punctuation omitted.) *Francis v. State*, 231 Ga. App. at 112-113 (1). See also *Willis v. State*, 214 Ga. App. at 660 (1); *Caldwell v. State*, 183 Ga. App. 110, 111 (1) (357 SE2d 845) (1987). In this case, the State failed to exclude other explanations for the disappearance of the money and showed nothing more than the Locklears' presence in the wrong place at the wrong time.

1. The felony theft charge arose from the disappearance of a bank deposit bag from Goss Body Shop in Shannon. Nancy Goss, who owns the shop with her husband, placed the deposit bag on a file cabinet near her computer around 3:00 p.m. on June 2, 1998. The bag contained approximately $2,000 in cash and $8,000 in checks. At approximately 3:45 p.m., the Locklears went to the shop to get a repair estimate on their car. While Mrs. Goss and the defendants went outside to look at the car, Mrs. Goss asked her teenage niece to watch the office. Mrs. Goss then attempted to compute the defend-

ants' repair estimate. She left the office again to ask her husband a question about the estimate and again asked her niece to watch the office. Mrs. Goss testified that, while she worked on the computer, Mrs. Locklear asked her several questions about the proposed estimate. At one point, Mr. and Mrs. Locklear stepped behind the office counter and stood behind Mrs. Goss, near the deposit bag. The Locklears both testified that they went behind the counter and stood behind Mrs. Goss only after she offered to show them some information on the computer screen. The Locklears left the shop at approximately 4:10 p.m., and Mrs. Goss discovered that the deposit bag was missing about 20 minutes later.

Mrs. Goss testified that the last time she remembered seeing the bag was approximately 3:00 p.m. and that she did not know if the bag was still on the cabinet when the Locklears stepped behind the counter. Between 3:00 and 4:30 p.m., other individuals were in the vicinity of the bag, including another customer, a shop employee, and Mrs. Goss' niece. Mrs. Goss testified that she was busy with another customer and a phone call when she put the bag on the cabinet. She did not see the Locklears touch the bag or leave with it. The money was never found. There was no evidence that the Locklears attempted to cash the checks or that they ever possessed the cash. See *Caldwell v. State*, 183 Ga. App. at 111 (1); cf. *Thomas v. State*, 218 Ga. App. at 373 (1) (recent unexplained possession of stolen goods plus other circumstantial evidence of theft may support a theft conviction); *Willis v. State*, 214 Ga. App. at 659 (1).

Further, the Locklears both testified at trial and explained why they went to the body shop and what transpired during their visit there. There was nothing per se unreasonable or implausible about their version of events, which was consistent with Mrs. Goss' testimony.

> In making a determination of whether any other reasonable hypothesis exists, the defendant's explanation must be taken into consideration insofar as it is consistent with the circumstantial evidence properly admitted. Whether or not in a given case circumstances are sufficient to exclude every reasonable hypothesis save the guilt of the accused[ ] is primarily a question for determination by the jury. . . . [However, where] there appears a hypothesis from the evidence, or from the lack of evidence and the defendant's statement, pointing to the innocence of the accused, and which tested by all human experience is a reasonable one, [this Court] may declare it so as a matter of law.

(Citations and punctuation omitted.) *Bogan v. State*, 158 Ga. App. 1,

3 (279 SE2d 229) (1981). Cf. *Chung v. State*, 240 Ga. App. 394, 396 (2) (523 SE2d 615) (1999) (defendant and victim were the only people present when crime was committed).

In this case, the undisputed evidence showed that other people had access to the money at the time it disappeared and there was no evidence of the Locklears' possession of the money. In order to convict the Locklears of theft, the State had to present more than the "coincidence" of two thefts occurring around the time the Locklears visited two different establishments.[1] We find that the State failed to demonstrate the Locklears' participation in the thefts and to exclude other reasonable hypotheses for the disappearance of the money. The circumstantial evidence presented was insufficient as a matter of law to support the Locklears' convictions for felony theft by taking. See *Francis v. State*, 231 Ga. App. at 112-113 (1); *Caldwell v. State*, 183 Ga. App. at 111-112 (1).

2. For the same reasons, Mr. Locklear's misdemeanor theft conviction cannot stand. The charge arose from the disappearance of a wallet from a Family Dollar Store in July 1998. Karen Bennett, the acting store manager, testified that she had left her purse in the store office, underneath a bank deposit bag containing $3,000 to $4,000. Bennett and a cashier were the only employees in the store. The Locklears came in the store a few minutes before its 5:00 p.m. closing time. According to Bennett, Mrs. Locklear approached her in the back of the store and asked about the former manager, Mr. Locklear's sister-in-law. According to Bennett, this "distracted" her for three or four minutes. The cashier was busy with other customers at the register. When the cashier finished checking them out, she looked up and saw Mr. Locklear coming down the stairs near the office. No one saw whether he actually went inside the office. At trial, Mr. Locklear explained that he had visited with his sister-in-law in the office during previous visits to the store and merely looked in the office to see if she was working that day. After he came down the stairs and found out that his sister-in-law was no longer working at the store, he and his wife purchased several bags of items and left the store without incident. After the cashier mentioned that Mr. Locklear had been near the office, Bennett checked her purse and discovered that her purse had been unzipped and her wallet was missing. The wallet contained $92 and a pair of gold earrings. The bank deposit

---

[1] On cross-examination, the State repeatedly called upon the Locklears to explain the "coincidence" of the two thefts. Under the circumstances of this case, this line of questioning effectively shifted the burden to the defendants to prove their innocence. As noted above, it is the burden of the State, not the defendants, to exclude all other reasonable hypotheses and show that these thefts were more than a mere "coincidence." See *Francis v. State*, 231 Ga. App. at 113 (1).

was still in the office, however.

As in the body shop case, other customers and the cashier were in the store at the time of the theft. No one saw Mr. Locklear in possession of the wallet.

Therefore, using the same analysis as in Division 1, supra, we find that the State failed to prove Mr. Locklear's guilt beyond a reasonable doubt. We reverse his misdemeanor conviction for theft by taking.

*Judgment reversed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED APRIL 11, 2001.

*Teddy L. Henley*, for appellants.

*Tambra P. Colston, District Attorney, C. Stephen Cox, Assistant District Attorney*, for appellee.

