[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17757
Non-Argument Calendar
_____

Agency No. A046-711-528


SAMOIL PRUTEANU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(November 16, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Samoil Pruteanu petitions for review of the Board of Immigration Appeals' decision upholding an immigration judge's order of removal based on his convictions for an aggravated felony. The BIA held that his Georgia convictions for burglary qualified as aggravated felonies, thus making him statutorily ineligible to seek discretionary relief from removal. Mr. Pruteanu argues that the Georgia burglary statute underlying his convictions does not qualify as generic burglary, and that a panel of this Court erred in holding that the statute was divisible and, therefore, subject to the modified categorical approach. *See United States v. Gundy*, 842 F.3d 1156 (11th Cir. 2016), *cert. denied*, No. 16-8617, 2017 WL 1301351 (U.S. Oct. 2, 2017). The government contends that Mr. Pruteanu's arguments about his burglary convictions are moot because he conceded removability on two other grounds. We conclude that we have jurisdiction to address the appeal, and are bound by *Gundy* in our interpretation of the Georgia burglary statute. We therefore deny the petition.

## I

Because we write for the parties, we assume their familiarity with the underlying record and recite only what is necessary to resolve this appeal.

The immigration judge found Mr. Pruteanu to be removable after determining that his Georgia burglary convictions qualified as aggravated felonies under § 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. §

2

1227(a)(2)(A)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable."). The INA defines an aggravated felony as "a theft offense (including receipt of stolen property) or burglary offense" for which the term of imprisonment is at least one year. *See* INA § 101(a)(43)(G), 8 U.S.C. § 1101(a)(43)(G). The BIA also held that Mr. Pruteanu's convictions constituted burglary offenses and were aggravated felonies under INA § 101(a)(43)(G), thus rendering him removable under INA § 237(a)(2)(A)(iii).

## II

Questions about our subject matter jurisdiction are reviewed *de novo*. *See Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). On the merits, we review conclusions of law *de novo*, and we evaluate factual determinations under the substantial evidence test. *See Gonzalez*, 820 F.3d at 403. The determination of whether Mr. Pruteanu's burglary convictions qualify as aggravated felonies is thus subject to *de novo* review. *See Spaho v. U.S. Att'y Gen.*, 837 F.3d 1172, 1176 (11th Cir. 2016). We review only the BIA's decision as the final judgment because the BIA did not expressly adopt the immigration judge's reasoning. *See Gonzalez v. U.S. Att'y Gen.*, 820 F.3d 399, 403 (11th Cir. 2016).

## III

First, we must examine our jurisdiction in response to the mootness issue raised by the government on appeal. We have jurisdiction to review final orders of

removal which implicate constitutional questions or questions of law. *See Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1279 (11th Cir. 2013); REAL ID Act § 106(a)(1)(A)(iii), 8 U.S.C. § 1252(a)(2)(D). Additionally, we have jurisdiction to review the BIA's determination of an alien's removability based on its assessment that the alien was convicted of an aggravated felony, even in cases where the alien conceded removability on other grounds, where those other grounds do not preclude requesting discretionary cancellation of removal. *See Carachuri-Rosendo v. Holder,* 560 U.S. 563, 566, 571 (2010); *Donawa,* 735 F.3d at 1279. If we were to determine that the BIA erred in its assessment that a conviction qualified as an aggravated felony, our ruling would not be advisory because it would allow the alien to petition the Attorney General for discretionary cancellation of removal. *See Donawa,* 735 F.3d at 1283-84.

Because only the aggravated felony charge prevented Mr. Pruteanu from seeking discretionary cancellation of removal from the Attorney General, despite the fact that Mr. Pruteanu conceded removability on alternate grounds, we have jurisdiction to consider the legal question of whether Mr. Pruteanu's convictions qualified as aggravated felonies. *Id.*

## IV

The second issue before us is whether Mr. Pruteanu's Georgia burglary convictions qualify as "burglary offenses" and thus aggravated felonies, as the BIA

4

determined.  Mr. Pruteanu argues that the "locational" element of Georgia Official

Code § 16-7-1 sweeps more broadly than that of the generic burglary statute, and

that the statute is indivisible.  He argues that the BIA should have applied the

categorical approach to the statute and found the Georgia offense broader than the

generic burglary offense. This finding of non-equivalence would mean his Georgia

burglary conviction would not qualify as a conviction for the generic offense of

burglary and would not constitute an aggravated felony.[1]

In determining whether an offense of conviction constitutes an aggravated

felony under the INA, we must employ a categorical approach by examining the

statute defining the crime of conviction, rather than the specific facts underlying

the crime. *See Kawashima v. Holder,* 565 U.S. 478, 483 (2012).  Here, the Georgia

burglary statute, O.C.G.A. § 16-7-1, must be compared to and must match the

federally defined offense of burglary to qualify as a "burglary offense" for the

purposes of the INA.

At the time of Mr. Pruteanu's conviction in 2005, the Georgia statute stated:

> A person commits the offense of burglary when, without authority and
> with the intent to commit a felony or theft therein, he enters or

---

[1] Mr. Pruteanu also argues that the Georgia burglary statute allows a prosecutor to convict without proving the "entry" element of the generic burglary offense.  This argument fails based on Georgia law.  In Georgia, unauthorized entry is an essential element which the state must prove.  *See Caldwell v. State,* 357 S.E.2d 845, 846-47 (Ga. Ct. App. 1987).  Mr. Pruteanu's arguments to the contrary misread the case law.  Although juries are permitted to "infer" entry based on circumstantial evidence of possession of stolen goods, this inference does not relieve the prosecutor of proving "entry" beyond a reasonable doubt. *Oliver v. State,* 581 S.E.2d 538, 542 (Ga. 2003).

5

remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof....

*Gundy*, 842 F.3d at 1164.  "The generic, contemporary definition of burglary consists of these elements: (1) an unlawful or unprivileged entry into, or remaining in, (2) a building or other structure, (3) with intent to commit a crime therein." *Gundy*, 842 F.3d at 1164.

We recently examined § 16-7-1 in *Gundy* and concluded that the locational elements in the statute were divisible, permitting use of the modified categorical approach to assess the basis of the defendant's conviction.  *See Gundy*, 842 F.3d at 1168-69.  The panel's holding in *Gundy* is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*.  *See United States v, Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

Although the BIA based its decision on *Mathis v. United States*, 136 S. Ct. 2243 (2016) – because *Gundy* had not yet been decided – the BIA reached the same conclusion as the *Gundy* panel did one month later – that "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." *Gundy*, 842 F.3d at 1167.  The BIA, like the *Gundy* panel, then applied the

modified categorical approach in determining that the defendant's prior burglary convictions matched the generic definition of burglary.

The BIA's interpretation of § 16-7-1 in Mr. Pruteanu's case aligns with our precedent, meaning that the use of modified categorical approach is appropriate. So we must assess whether Mr. Pruteanu's conviction matches the generic burglary definition.  The record reflects that Mr. Pruteanu pled guilty to the three counts of the indictment, which charged him with "unlawfully without authority and with the intent to commit a theft therein, enter[ing] a building under construction, to wit; the house located at . . . ."  Because the facts underlying his conviction fall squarely within the generic burglary definition, Mr. Pruteanu is removable as an aggravated felon based on his burglary convictions, and he is therefore ineligible for discretionary relief from removal proceedings.  *See Gundy*, 842 F.3d at 1168-69.

## V

Because the BIA's conclusion about Mr. Pruteanu's convictions is consistent with *Gundy*, we deny the petition.

**PETITION DENIED.**