**FIRST DIVISION
BARNES, P. J.,
GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**August 28, 2020**

# In the Court of Appeals of Georgia

A20A1329. KIMBLE v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Albert Kimble was convicted of one count of possession of cocaine. Kimble filed a motion for a new trial, as amended, which the trial court denied. On appeal, Kimble argues that the evidence was insufficient to support his conviction. We find merit in this contention and reverse.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond

a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis omitted).

So viewed, the evidence presented at trial shows that in May 2017, Kevin Floyd, who had worked with Kimble for several years, moved into Kimble's trailer. On May 18, 2017, less than two weeks after Floyd moved in with Kimble, the two men went to a friend's house and consumed alcohol. Later that evening, Kimble and Floyd began arguing, a physical altercation ensued, and Floyd left the apartment in his vehicle. Floyd called 911 and claimed that Kimble had pistol whipped him. Officers took a statement from Floyd, and subsequently made contact with Kimble at his residence. Kimble agreed to allow officers to search the residence, and there, in a tall dresser drawer, an officer discovered a paper bag containing two crack pipes. The officer did not ask Kimble whether the crack pipes belonged to him. Chemical testing confirmed the presence of cocaine in the samples tested.

Based on the foregoing, a Hall County grand jury charged Kimble with one count each of possession of cocaine, aggravated assault, and battery. The jury found him guilty of possession of cocaine, and not guilty on the remaining counts, and the trial court entered a judgment of conviction on the jury's verdict. Kimble filed a

motion for a new trial, as amended, which the trial court denied following a hearing. This appeal followed.

In his sole claim of error, Kimble argues that the evidence was insufficient to support his conviction because the State failed to prove that he was in actual or constructive possession of the cocaine found in the trailer. Emphasizing the lack of evidence that the cocaine was discovered in his room, he asserts that any evidence of constructive possession was purely circumstantial, and the evidence submitted to the jury did not rule out all other reasonable hypotheses except for Kimble's guilt.

At trial, the officer who discovered the crack pipes in Kimble's trailer testified that he did not ask Kimble if the crack pipes were his, nor did the State present evidence that the room in which the contraband was found was Kimble's. Indeed, the officer admitted that it was equally likely that the pipes belonged to Kimble or Floyd because they both lived in the trailer. And, on appeal, the State concedes there was insufficient evidence to support the conviction for possession of cocaine and the State failed to meet its burden to rule out all other hypotheses. Accordingly, we reverse this conviction. See *Francis v. State*, 231 Ga. App. 112, 113 (1) (497 SE2d 827) (1998) (reversing conviction for possession of marijuana because the State failed to present sufficient evidence to connect defendant to bedroom where marijuana was found).

*Judgment reversed. Barnes, P. J., and Pipkin, J., concur.*