S95A1832. JACKSON v. THE STATE.
(467 SE2d 495)

FLETCHER, Presiding Justice.
A jury convicted Allen Dean Jackson of malice murder and armed robbery in the shooting death and armed robbery of Bruce Wayne Skinner.[1] Jackson appeals contending that he should not have been tried jointly with his co-defendant. Because the evidence and the law relating to counts brought only against the co-defendant did not confuse the jury or prejudice Jackson, we affirm.

Skinner, who employed Jackson and his co-defendant Melvin Lewis Bland,[2] was found shot to death on October 11, 1992 on his sod farm. Early on the morning of October 10, 1992, witnesses saw Skinner driving in his white Chevrolet pick-up truck with two men riding in the back. Shortly after 11:00 a.m. Jackson and Bland drove to the C&S Bank in Jackson, Georgia in a white pick-up and Bland cashed a forged check on Skinner's account. Around 4:00 p.m that day, Jackson and Bland had a wreck in Monroe County while driving Skinner's truck and abandoned the truck there. Jackson told a person who picked him up that the truck was stolen. The truck had blood spatters, flesh fragments and bullet holes and fragments in it. On October 13, 1992, Jackson led officers to a place in the woods along the road between Jackson and Monroe County where a rifle belonging to Skin-

---

[1] The crime occurred on October 10, 1992. Jackson was indicted on February 1, 1993. The guilty verdicts were returned and the sentence imposed on August 20, 1993. Jackson was sentenced to life in prison for malice murder, a consecutive 20-year sentence on one armed robbery count, and a concurrent 20-year sentence on the second armed robbery count. Jackson filed a motion for new trial on September 8, 1993 and an amended motion on June 29, 1995. The trial court denied the motion for new trial on July 31, 1995, but vacated the sentence on the second armed robbery count, consistent with this Court's opinion in *Bland v. State,* 264 Ga. 610, 612 (449 SE2d 116) (1994). Jackson filed a notice of appeal on August 4, 1995. The appeal was docketed in this Court on August 11, 1995 and submitted for decision on briefs on October 2, 1995.

[2] This Court previously affirmed Bland's conviction for malice murder and armed robbery. *Bland,* 264 Ga. at 610.

ner and Skinner's wallet, containing no money, were found.

1. After reviewing the evidence in a light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Jackson guilty of the crimes charged.[3]

2. Jackson contends that the trial court abused its discretion in trying Jackson and Bland together because Bland was charged with the additional crimes of escape and aggravated assault on a jailer. In a non-death penalty case, the trial court has the discretion to try co-defendants jointly or separately.[4] The defendant requesting severance has the burden of making a clear showing of prejudice and a denial of due process in the absence of severance.[5] Factors the trial court should consider in exercising its discretion include: (1) whether the number of defendants creates confusion of the evidence and law applicable to each defendant; (2) whether a danger exists that evidence admissible against one defendant will be considered against the other, despite cautionary instructions; and (3) whether the defenses are antagonistic.[6]

The record demonstrates that the state carefully confined the evidence relating to the escape and assault charges to Bland. Thus, there was little danger that the jury would be confused about this evidence or that the jury would consider this evidence in weighing the charges against Jackson. Additionally, the court's charge to the jury repeatedly reminded the jury that the evidence and law on the escape and assault charges did not apply to Jackson. Under these circumstances, we hold that the trial court did not abuse its discretion in denying Jackson's motion for severance.

3. Jackson also contends that the trial court erred in failing to conduct a sentencing hearing as required by OCGA § 17-10-2. The record demonstrates, however, that the court held a sentencing hearing. The court denied Jackson's motion for a two- to three-week continuance in sentencing so that "assessments" could be done that *might* be offered in mitigation. Because Jackson failed to identify specific witnesses or evidence to be offered in mitigation, the trial court did not abuse its discretion in denying the motion for continuance.

4. We find no error requiring reversal in Jackson's remaining enumerations.[7]

*Judgment affirmed. All the Justices concur.*

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[4] OCGA § 17-8-4.
[5] *Dennard v. State*, 263 Ga. 453, 455 (435 SE2d 26) (1993).
[6] *Cain v. State*, 235 Ga. 128, 129 (218 SE2d 856) (1975).
[7] Jackson contends the court erred in admitting a check from Skinner's business account for the purpose of comparing signatures; in failing to strike for cause two jurors who had heard of Bland's escape; in not permitting individual voir dire outside the presence of the other panel members; and in admitting expert testimony on crime scene reconstruction.

310

DECIDED FEBRUARY 5, 1996 —
RECONSIDERATION DENIED MARCH 1, 1996.

*Paul E. Hemmann*, for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Mark S. Daniel, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General*, for appellee.