## A02A0868. FELTS v. THE STATE.
### (569 SE2d 633)

BLACKBURN, Chief Judge.

Following a jury trial, Jermaine Felts appeals his conviction for armed robbery, contending that: (1) the trial court erred by denying his objection to certain character evidence and his motion for a mistrial following the State's opening statement and (2) his trial attorney rendered ineffective assistance of counsel. For the reasons set forth below, we affirm.

Viewed in the light most favorable to the verdict, the record shows that, around lunchtime on May 13, 1999, an unmasked robber entered a Long John Silver's restaurant and pulled a knife on Samantha Montford, an employee. Montford moved away from the cash register and called her manager, Maxine Duboise. Meanwhile, the robber took money from the register, dropped the knife, and ran out of the store. Duboise then chased the robber but could not catch him.

The following day, an anonymous female telephoned Duboise and stated that she knew who committed the robbery and asked if a reward was being offered. Duboise referred the caller to the police. The caller then contacted Detective Long of the Atlanta Police Department and told him that the robber's name was Jamal and that he lived with his mother at an address she provided. Angela Mackie later admitted that she had made the anonymous calls to Detective Long and Duboise.

Mackie testified that she had gone to Felts' house and he had offered her $100 to have sex with him. She also testified that Felts had a large amount of cash in his pocket and a generous amount of crack cocaine. Following her visit, Mackie heard about the robbery, figured out that Felts had been the robber, went back to his home, and demanded "hush money" from him. Felts told Mackie that he

would cut her throat if she said anything to the police. The following day, Mackie made her anonymous phone calls.

Montford positively identified Felts as the man who robbed her in a photographic lineup and at trial. While Duboise was not able to identify Felts from the pretrial photographic lineup, she did identify Felts at trial. In addition, a store videotape of the robbery was shown to the jury. The evidence was sufficient to support the verdict against Felts. See *Jackson v. Virginia*.[1]

1. Felts contends that the trial court erred by denying his objection to certain character evidence and his motion for a mistrial following the State's opening statement. During its opening, the State described Mackie's act of prostitution with Felts and also informed the jury that she and Felts smoked crack together shortly after the robbery. The State contended that Felts used the proceeds from the robbery to pay Mackie and purchase the crack cocaine. Felts, however, did not object to these statements or move for a mistrial until the State had concluded its opening argument. "[I]t is plain that a defendant must timely object to the alleged impropriety in [opening] argument so that the trial court can take remedial action, if any is warranted." *Butler v. State*.[2] Accordingly, Felts has waived his right to complain about this evidence on appeal.

Moreover, even if Felts had not waived his rights, "it is highly probable that this evidence did not contribute to the verdict in light of the overwhelming evidence of [Felts'] guilt." (Punctuation omitted.) *Cox v. State*[3] (evidence that defendants had been using marijuana just before assaulting victim deemed harmless). Therefore, any error was harmless.

2. Felts further contends that his trial attorney was ineffective because she failed to: (a) object to testimony by Detective Long in which he allegedly vouched for Mackie's credibility; (b) move to suppress Duboise's identification and to object to that identification at trial; and (c) object to testimony concerning Mackie's original anonymous call to the police. As all of this evidence was properly admissible, Felts did not receive ineffective assistance of counsel.

The proper standard to be employed in determining enumerations concerning ineffective assistance of counsel, whether based upon a claim of right arising under federal or state law, is the two-pronged test announced in *Strickland v. Washington*.[4] First, appellant must show that counsel's per-

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001).
[3] *Cox v. State*, 242 Ga. App. 334, 339 (9) (528 SE2d 871) (2000).
[4] *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

formance was deficient; second, he is required to show that he was prejudiced by counsel's deficient performance. There is a strong presumption that trial counsel's performance falls within the wide range of reasonable professional assistance, and that any challenged action by trial counsel might be considered sound trial strategy. As to the second prong, the question is whether there exists a reasonable probability that, but for his counsel's errors, the jury would have had a reasonable doubt regarding appellant's guilt, that is, but for counsel's unprofessional errors, the result of the proceeding would have been different. Further, a trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citations and punctuation omitted.) *Cromartie v. State*.[5] Felts failed to make the requisite showings in this case.

(a) Felts contends that trial counsel failed to object when Detective Long improperly vouched for Mackie's credibility. The record, however, belies this argument.

Detective Long testified that, in her original anonymous call, Mackie stated that the man who committed the robbery lived with his mother on the corner of Sanders and Florida Avenue in a house surrounded by a white fence. The State then asked Detective Long: "Is there a house at Sanders with a white picket — white fence?" Detective Long responded: "Everything [Mackie] told me was true. There is a . . . white fenced in house there." In context, Detective Long was not improperly testifying to Mackie's general credibility. Instead, he was stating, in essence, that he had independently verified Mackie's report that the house she described actually existed. This independent verification of objective evidence, taken in context, did not constitute improper bolstering of Mackie's testimony, and Felts' trial counsel did not err by failing to object to this testimony.

(b) Felts contends that trial counsel provided ineffective assistance by failing to move to suppress Duboise's identification or object to that identification at trial. The record shows that, prior to trial, Duboise was unable to identify Felts during a photo lineup. During the trial, however, Duboise was able to identify the defendant. Felts' arguments that this identification was inadmissible are without merit. His argument that Duboise failed to identify his picture before trial merely raises an issue of the weight to be given to her testimony at trial. Her prior failure to identify Felts does not, however, make

[5] *Cromartie v. State*, 241 Ga. App. 718 (1) (527 SE2d 228) (1999).

her subsequent in-trial identification inadmissible. *West v. State.*[6] Accordingly, Felts' trial counsel was not ineffective for failing to argue that this identification testimony was inadmissible.

(c) Finally, Felts argues that his trial counsel was ineffective in failing to object to testimony from both Detective Long and Duboise regarding Mackie's original anonymous calls implicating Felts. Felts contends that this evidence was inadmissible hearsay. Even if, as Felts contends, this testimony was hearsay, he has failed to show that its introduction was harmful. Following Detective Long's and Duboise's descriptions of these anonymous calls, Mackie took the stand, admitted that she had placed the calls, and described the content of the calls. "The erroneous admission of hearsay is harmless where . . . legally admissible evidence of the same fact is introduced." *Felder v. State.*[7]

*Judgment affirmed. Johnson, P. J., and Miller, J., concur.*

DECIDED JULY 26, 2002.

*Maurice G. Kenner*, for appellant.

*J. Tom Morgan, District Attorney, Jeanne M. Canavan, Benjamin M. First, Assistant District Attorneys*, for appellee.

---

[6] *West v. State*, 218 Ga. App. 341 (1) (461 SE2d 300) (1995).
[7] *Felder v. State*, 270 Ga. 641, 646 (8) (514 SE2d 416) (1999).
[1] *Williams v. State*, 228 Ga. App. 698, 699 (1) (492 SE2d 708) (1997).