## A07A0369. BROOKS v. THE STATE.
(644 SE2d 891)

MIKELL, Judge.

Kahlil Brooks was convicted of armed robbery, aggravated assault with intent to rob, possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. The trial court merged the aggravated assault conviction with the armed robbery conviction and sentenced Brooks to life in prison for the armed robbery, plus five additional years for each firearm offense. In his sole enumeration of error on appeal from the order denying his motion for new trial, Brooks contends that the trial court erred in denying his motion for a mistrial, which was based on certain remarks made by the prosecutor during her opening statement. We hold that Brooks waived this error by failing to assert a timely objection to the prosecutor's comments. Thus, we affirm his convictions.

The record shows that on May 19, 2004, the victim, Reginald Goins, arrived at a nightclub to meet friends when two men accosted him and asked him whether he wanted to buy any drugs. Goins said he did not. The men followed him. Goins stopped and turned around, at which time one of the men stuck a gun in his stomach, told him not to make any sudden noise, and demanded his car keys and wallet. Goins told the men that he had locked his keys in his car. He also asked them to return his wallet after they removed the money from it. The perpetrators took the money and returned the wallet to Goins. Fortuitously, as soon as the men began to walk away, Goins saw a police officer and flagged him down.

The officer, S. E. Bunyan, testified that Goins told him that two men had just robbed him at gunpoint. Goins pointed to two men who ran past Bunyan dressed in dark clothing. The men were captured shortly thereafter hiding in a nearby construction site. A 40-caliber handgun was found with Brooks. The men were handcuffed and brought to Goins for identification. Goins identified Brooks as the man with the gun. He also identified the other perpetrator, Reginald Carswell.

Carswell entered a guilty plea and testified against Brooks in exchange for a reduced sentence. According to Carswell, he and Brooks were walking around downtown Atlanta trying to find a victim when they spotted Goins. The plan was for Brooks to draw his weapon while Carswell searched Goins's pockets. Carswell testified that Brooks walked up to Goins and started talking to him. Then Brooks drew his gun, cocked it, and pointed it at Goins's stomach, while Carswell searched his pockets and told him not to move.

Brooks testified that on the night in question, he sold Goins fake drugs, and Goins demanded his money back. Brooks denied threatening Goins with a gun, although he admitted that the gun was under his shirt and that he threatened to "burn his pussy ass." Brooks testified that the phrase meant that he would shoot Goins. He admitted that he was not permitted to carry a gun because he was a convicted felon.

In her opening statement, the prosecutor told the jury at the outset: "This case is about responsibility, the defendant Kahlil Brooks's refusal to take responsibility for his actions." Thereafter, the prosecutor outlined what she expected the evidence to show. She also explained that Carswell previously had "stood in this court and accepted responsibility." Next, the prosecutor stated, "Brooks, positively identified ten minutes later twenty-five feet away in possession of a handgun, refuses to take responsibility." After outlining additional evidence for the state, the prosecutor commented, "And at the close of the state's evidence, I'm going to ask you to make Kahlil Brooks be responsible for his actions. I'm going to ask you to hold him responsible for [the crimes committed against Goins]."

Following the prosecutor's opening statement, defense counsel moved for a mistrial, arguing that the comments concerning Brooks's refusal to take responsibility were burden shifting and an impermissible comment on his failure to testify. The trial court denied the motion on the ground that Brooks had allowed the prosecutor to make her entire opening statement without making any contemporaneous objection, which would have given the court an opportunity to take remedial action.[1] The court, however, noted that "such comments would probably be considered inappropriate." Thereafter, during her closing argument, the prosecutor stated that the state had the burden to prove every element of the charge beyond a reasonable doubt, and that this burden remains with the state during the entire trial. The court charged the jury regarding the presumption of innocence and the burden of proof, adding that "there is no burden of proof upon the [d]efendant whatever. And the burden never shifts to the [d]efendant to prove his innocence."

Our Supreme Court has established the rule that "a comment upon a defendant's silence or failure to come forward is far more prejudicial than probative. . . . [S]uch a comment will not be allowed

---

[1] See *Cargill v. State*, 255 Ga. 616, 636 (21) (a) (340 SE2d 891) (1986) (trial court was not given an opportunity to admonish the prosecuting attorney and give appropriate corrective instructions to the jury where defense counsel failed to object).

even where the defendant . . . takes the stand in his own defense."[2] In the case at bar, however, Brooks failed to object to the comments at the time they were made. Instead, "[h]e waited until the end of [opening] argument to move for a mistrial. And it is plain that a defendant must timely object to the alleged impropriety in [opening] argument so that the trial court can take remedial action, if any is warranted."[3] Having failed to assert a contemporaneous objection, Brooks has waived his right to complain about the remarks on appeal.[4] Furthermore, even assuming that the comments were improper and that the error had been properly preserved, reversal of Brooks's conviction would not be warranted. "The test for reversible error is whether the argument, even if improper, in reasonable probability changed the result of the trial."[5] There is no such probability in this case because the evidence of guilt, as recounted above, was overwhelming.

Finally, we reject Brooks's assertion that the prosecutor's statement placed him in the position of that of the defendants in *Locklear v. State*.[6] In that case, the defendants' conviction of felony theft by taking was reversed based on the insufficiency of the circumstantial evidence.[7] The opinion states in a footnote that the state's cross-examination repeatedly asking the defendants to explain the coincidence of two thefts occurring around the time they visited two different businesses effectively shifted the burden of proof to them to prove their innocence under the circumstances of that case.[8] Reversal, however, was based on the holding that the evidence was insufficient as a matter of law to support the convictions, and the language in the footnote was mere dicta.[9] *Locklear* thus provides no basis for reversing Brooks's convictions.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

---

[2] *Mallory v. State*, 261 Ga. 625, 630 (5) (409 SE2d 839) (1991), overruled on other grounds, *Clark v. State*, 271 Ga. 6, 9-10 (5) (515 SE2d 155) (1999). Accord *Glidewell v. State*, 279 Ga. App. 114, 123 (7) (d) (630 SE2d 621) (2006) (whole court).

[3] (Citations omitted.) *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001) (waiver of objection to closing argument). Accord *Felts v. State*, 256 Ga. App. 733, 734 (1) (569 SE2d 633) (2002) (applying *Butler* to opening statement).

[4] Compare *Cook v. State*, 276 Ga. App. 803, 807 (4) (625 SE2d 83) (2005) (objection preserved for appeal where counsel immediately moved for a mistrial following prosecutor's allegedly improper comment during opening statements).

[5] (Citation omitted.) *Hooker v. State*, 278 Ga. App. 382, 386 (3) (629 SE2d 74) (2006).

[6] 249 Ga. App. 104 (547 SE2d 764) (2001).

[7] Id. at 107 (1).

[8] Id. at 107 (1), n. 1.

[9] See *Shearin v. Wayne Davis & Co., P.C.*, 281 Ga. 385, 387 (637 SE2d 679) (2006) ("after an issue is resolved in an appellate opinion, subsequent analysis on another theory amounts to an advisory opinion or mere dicta"); *Merneigh v. State*, 242 Ga. App. 735, 739 (4) (531 SE2d 152) (2000) (language unnecessary to the holding is mere dicta).

DECIDED APRIL 3, 2007.

*Mary Erickson*, for appellant.
*Paul L. Howard, Jr., District Attorney*, for appellee.