**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and MCMILLIAN, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

July 24, 2014

# In the Court of Appeals of Georgia

A14A1083. WOMACK et al v. JOHNSON.

ELLINGTON, Presiding Judge.

Michael Womack and Geston Womack brought this action in the Superior Court of Polk County against Wendi Spain Johnson, as administratrix of the estate of Jerry Floyd Spain to collect an alleged debt arising from the Womacks' and Spain's joint farming operation. A jury found in favor of Spain's estate, and the Womacks appeal, contending that the trial court erred in denying their motion for a mistrial, which was based on allegedly improper conduct by Spain's counsel during his opening statement. For the following reasons, we affirm.

During his opening statement, Johnson's counsel showed the jury photographs of Spain and his infant son.[1] Johnson's counsel blocked the photographs from the view of the Womacks' counsel, who could hear the argument being made but could not actually see the photographs as they were being displayed. It is undisputed that these photographs were not listed in the pretrial order and that Johnson had not shown them to either the Womacks or the Court before using them during the opening statement.

On the second day of trial, the Womacks moved for a mistrial. The Womacks argued that the photographs were improper because they were not listed in the pretrial order and because they were inherently prejudicial. The record shows the Womacks argued that the photographs caused the jury to think, "oh, that poor baby, he'll never see his father." The Womacks argued that, after Johnson's counsel displayed the photographs, they were now "fighting a baby" rather than litigating the merits of their claim. Johnson responded that using the photographs and discussing the child during his opening statement was proper because the child is a real party in interest, and a

---

[1] While Spain's child is not a named party to the case, the parties and the child's guardian agreed that Johnson, as the administratrix of the decedent's estate, was fully representing the child's interests as the estate's sole beneficiary, and the child would be bound by any resulting judgment in this action.

jury is entitled to know who has an interest in the matter before them. The trial court denied the Womacks' motion for a mistrial. The trial court, however, instructed Johnson's counsel not to use the photographs or refer to the child for the remainder of the trial, including during closing arguments.

1. The Womacks contend the trial court abused its discretion in denying their motion for a mistrial. Johnson argues, however, that the Womacks waived any error by failing to make a contemporaneous objection to the use of the photographs of Spain and his child. We agree with Johnson.

Pursuant to OCGA § 9-10-185, a trial court may order a mistrial based on improper and prejudicial statements made in the presence of the jury.[2] An appellate court will not review the discretion of the trial judge in failing to order a mistrial for an alleged improper argument of counsel when no objection was made by opposing counsel. *Wright v. Wright*, 222 Ga. 777, 781 (4) (152 SE2d 363) (1966) (holding it

---

[2]

Where counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent the same. On objection made, the court shall also rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds. In its discretion, the court may order a mistrial if the plaintiff's attorney is the offender.

OCGA. § 9-10-185.

necessary for counsel to object to an improper argument to make the same a basis for review); see *Counts v. Moorehead*, 232 Ga. 220, 221 (2) (206 SE2d 40) (1974) ("[T]he trial court in a civil case may, upon the motion of either party, grant a mistrial for improper remarks of counsel."). "[I]n order to preserve a point of error for the consideration of an appellate court, counsel must take exception to the alleged error at the *earliest possible opportunity* in the progress of the case by a proper objection made a part of the record." (Emphasis added.) *Sharpe v. Dept. of Transp.,* 267 Ga. 267 (1) (476 SE2d 722) (1996). Here, the Womacks did not object on the record at the earliest possible moment – during the opening statement when Johnson's counsel made reference to Spain's child.[3]

When a party fails to assert a contemporaneous objection to allegedly improper remarks of counsel, the party "waive[s] his right to complain about the remarks on appeal." *Brooks v. State*, 284 Ga. App. 762, 763-764 (644 SE2d 891) (2007). Thus, when a party waits until the conclusion of the opposing party's argument to object or move for a mistrial, any error is not preserved for appellate review. *LN West Paces Ferry Assocs. v. McDonald*, 306 Ga. App. 641, 649 (2) (b) (703 SE2d 85) (2010)

---

[3] In fact, the trial court transcript shows the Womacks acknowledged they were making a late objection, saying, "I expect that they're [Johnson's counsel] going to take the position, well, you know, you failed to object and you waived it."

(The defendant waived argument on appeal by waiting until the morning after opening statements concluded to move for a mistrial based on statements made in opposing counsel's opening statement); *Brooks v. State*, 284 Ga. App. 762, 763-764 (644 SE2d 891) (2007) (The defendant waived his right to object to remarks made in the prosecution's opening statement by waiting until the conclusion of the prosecution's statement to object.); *Felts v. State*, 256 Ga. App. 733, 734 (1) (569 SE2d 633) (2002) (The defendant could not appeal trial court's denial of his motion for mistrial made at the conclusion of the prosecution's opening statement because the objection was untimely and waived.); *Booker v. Older Americans Council of Middle Georgia, Inc.*, 278 Ga. App. 407, 408-409 (1) (629 SE2d 69) (2006) (Bringing the trial court's attention to an improper argument after the argument was made, in the course of a bench conference, did not suffice to preserve an error for appeal.).

Based on the foregoing authorities, the record shows that, because the Womacks objected and moved for a mistrial the morning following opening statements, and not at the time Johnson's counsel showed the photographs to the jury, they failed to properly preserve the error for appeal.

The Womacks argued, however, this Court should grant a limited exception to the contemporaneous objection requirement where a party's conduct prevents the

5

other side from making a timely objection, as they contend occurred in this case. This argument proves unpersuasive in this case. While the Womacks may not have been able to see the photographs because of how Johnson's counsel chose to present them to the jury, Womacks' counsel could hear the argument accompanying the photographs. More importantly, the Womacks' main concern, as presented by the record before this Court, was not the specific content of these photographs, but rather the identity of the person depicted, which informed the jury that the sole beneficiary of Spain's estate was a young child. Thus, the Womacks did not need to see the photographs to contemporaneously object to Johnson's opening statement remarks concerning the child. Additionally, the Womacks could have objected timely on the ground that photographs not listed in the pretrial order were being shown to the jury. Failing to object contemporaneously, the objections were waived. See *Sharpe v. Dept. of Transp.*, 267 Ga. at 267 (1).

2. Johnson's request for sanctions for frivolous appeal pursuant to Court of Appeals Rule 15 is denied.

*Judgment affirmed. Phipps, C. J., and McMillian, J., concur.*