**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**November 20, 2015**

# In the Court of Appeals of Georgia

A15A1176. THE HIGBEE COMPANY, et al. v. DAMIEN SOLOMON.

BRANCH, Judge.

The Higbee Company and its codefendants appeal a punitive damages judgment entered against them following a jury verdict for plaintiff Damien Solomon in this false imprisonment and malicious prosecution case. The appellants contend that punitive damages were not allowed under OCGA § 51-12-6 because Solomon's entire injury was to his peace, happiness, or feelings. We agree with the trial court that the appellants waived this challenge, and we affirm.

Solomon was arrested and charged with shoplifting two pairs of jeans from a Dillard's department store. The charges were eventually nolle prossed for insufficient evidence. Solomon brought a complaint for malicious prosecution, false

imprisonment, and punitive damages against The Higbee Company, which owned the Dillard's store;[1] Securitas Security Services, USA, Inc., which provided security for the store; and two employees of Dillard's. For convenience, we will refer to the defendants/appellants collectively as "Dillard's."

The case proceeded to a bifurcated trial, with the first part focusing on the issues of liability, compensatory damages, and whether the conduct of Dillard's warranted an award of punitive damages. At the close of the evidence, Dillard's sought a directed verdict as to Solomon's claim for punitive damages on the ground that there was insufficient evidence from which the jury could conclude that Dillard's had acted in bad faith.[2] Notably, Dillard's did *not* argue that punitive damages were categorically unavailable as a matter of law. The trial court denied the motion, finding that "ultimately it is going to be up to a jury to decide."

Following a charge conference, the court instructed the jury on compensatory damages, as follows:

---

[1] Solomon initially named Dillard's as the defendant but later substituted The Higbee Company as the correct party.

[2] Dillard's also sought a directed verdict as to Solomon's underlying claims, but those claims are not at issue in this appeal.

2

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you believe from a preponderance of the evidence that the Plaintiff is entitled to recover, you should award to the Plaintiff such sums as you believe are reasonable and just in this case. In a tort action in which the entire injury pertains to the peace, happiness, or feelings of the Plaintiff, no measure of damages may be prescribed except the enlightened conscience of impartial jurors. In determining the amount of such damage you would consider all of the facts and circumstances of this case, as disclosed by the evidence, and fix a sum as you think would be reasonable, fair and just.

The court further charged the jury that punitive damages may be warranted in a tort action if the plaintiff proved by clear and convincing evidence that the defendants' actions showed, among other things, willful misconduct.[3] Dillard's did not object to the jury charge on punitive damages.

The jury was given a two-part verdict form. The first part required it either to find for Dillard's, or to "find for the Plaintiff, and against the Defendant[s], and find

---

[3] Although Solomon's requests to charge were not included in the record, it appears that he asked for the punitive damages charge. There was no discussion of that charge during the charge conference and no indication that Dillard's contested it then.

that Plaintiff has suffered damages in the amount of $_____." The second part, labeled "Punitive Damages," asked:

> Do you, the Jury find by clear and convincing evidence that the Defendants' conduct showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care that would raise the presumption of conscious indifference to consequences, so that punitive damages should be awarded?

The verdict form did not ask the jury to determine the amount of punitive damages, if any, at that point. Dillard's agreed to the form.

After deliberating, the jury returned a verdict for Solomon and awarded him $250,000 in compensatory damages. In addition, the jury checked the "yes" box in answer to the question of whether punitive damages should be awarded. The court then excused the jury to discuss with counsel the procedure for the punitive damages phase of the trial. Toward the end of the discussion, counsel for Dillard's stated: "Inasmuch as the entire damages award to Plaintiff was to his peace and happiness, . . . any award of punitive damages is duplicative and . . . [t]he jury can no longer consider punitives in this case." Solomon's attorney conceded that "[t]here are no lost wages or medical bills," but argued that punitive damages were nevertheless available. The trial court elected to proceed with the second phase of the trial and

4

consider Dillard's objection later. The jury then heard evidence and argument about the financial circumstances of Dillard's, after which it returned a punitive damages verdict in the amount of $350,000. Dillard's orally renewed its objection to the award of punitive damages, but the court reserved ruling.

Dillard's subsequently filed a written motion for new trial and for j. n. o. v., reiterating its argument that punitive damages were unavailable as a matter of law because Solomon's entire injury was to his peace, happiness, or feelings. The trial court denied the motion, ruling that although this assessment of Solomon's injury "may be correct," Dillard's had waived its argument by not objecting to the first verdict form and not making the argument until after the jury had already returned a verdict finding that Solomon should be awarded punitive damages. This timely appeal followed.

Dillard's contends that the trial court erred by denying its motion for j. n. o. v. or new trial because punitive damages were not available here as a matter of law. Dillard's relies upon OCGA § 51-12-6, which provides:

> In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such an action,

punitive damages under Code Section 51-12-5 or Code Section 51-12-5.1 shall not be awarded.

Thus, where the only injury is to a plaintiff's peace, happiness, or feelings, punitive damages are not allowed and evidence of the defendant's worldly circumstances is not admissible. *Holland v. Caviness*, 292 Ga. 332, 337 (737 SE2d 669) (2013). Assuming without deciding that Solomon's entire injury was to his peace, happiness, or feelings, we agree with the trial court that Dillard's waived its objection to the availability of punitive damages.

"In order to preserve a point of error for the consideration of an appellate court, counsel must take exception to the alleged error at the *earliest possible opportunity* in the progress of the case by a proper objection made a part of the record." *Womack v. Johnson*, 328 Ga. App. 543, 544-545 (1) (762 SE2d 428) (2014) (citation and punctuation omitted; emphasis in original). An objection to a jury charge must be asserted before the jury returns its verdict, or else it is waived. *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 81 (1) (532 SE2d 159) (2000); see also *Milum v. Banks*, 283 Ga. App. 864, 869 (1) (642 SE2d 892) (2007) (party could not complain on appeal about an issue being submitted to the jury where he did not timely "object to the issue going to the jury"). With respect to the verdict form, "[i]n the absence of a

6

specific and timely objection, a party waives error relating to the manner in which questions are submitted to the jury." *Milum*, 283 Ga. App. at 870 (2) (citation and punctuation omitted).

Although Dillard's moved for a directed verdict on punitive damages at the close of the evidence, the basis for its motion was that there was insufficient evidence that it had acted in bad faith, not that punitive damages were unavailable as a matter of law because Solomon's entire injury was to his peace, happiness, or feelings. Dillard's did not object to the proposed punitive damages charge either before or after the trial court gave it. It did not object beforehand to the bifurcated trial procedure required in punitive damages cases. See OCGA § 51-12-5.1 (d). And it did not object to the proposed verdict form providing for an award of punitive damages. Instead, Dillard's waited until *after* the jury had returned a verdict finding that Solomon should receive punitive damages to protest that such damages were not available. This belated protest was, in essence, a motion for judgment notwithstanding the jury's verdict that punitive damages were warranted – a motion Dillard's orally renewed after the jury's verdict on the amount of punitive damages and eventually submitted in written form.

7

But a motion for j. n. o. v. must be based on grounds previously raised in a motion for directed verdict. *James E. Warren, M. D., P. C. v. Weber & Warren Anesthesia Svcs*, 272 Ga. App. 232, 234 (1) (612 SE2d 17) (2005). As noted, Dillard's did not seek a directed verdict on the ground that punitive damages were unavailable as a matter of law because Solomon's entire injury was to his peace, happiness, or feelings. Accordingly, it was foreclosed from raising that argument in its subsequent oral and written motions for j. n. o. v., and we cannot consider the argument on appeal. *Southern Land Title v. North Ga. Title*, 270 Ga. App. 4, 7 (2) (606 SE2d 43) (2004); see also *Little v. Chesser*, 256 Ga. App. 228, 231-233 (3) (568 SE2d 54) (2002) (defendant waived right to challenge punitive damages award – despite plaintiff's prior stipulation that such damages were not available – by failing to raise it until after jury returned verdict of punitive damages).

Dillard's argues that there was no waiver here for several reasons. First, it maintains that Solomon's punitive damages award constituted a double recovery, and "a claim that a verdict was an impermissible double recovery as a matter of law" cannot be waived. *City of Roswell v. Bolton*, 271 Ga. App. 1, 8 (5) (608 SE2d 659) (2004) (citations omitted); but see *Wolf Camera v. Royter*, 253 Ga. App. 254, 260 (2) (558 SE2d 797) (2002) (rejecting defendant's argument that jury charge on punitive

8

damages in malicious prosecution case led to double recovery because "a defendant cannot complain of a decision to which his conduct contributed") (citations omitted). This "double recovery" argument assumes that OCGA § 51-12-6 damages for injury to the plaintiff's peace, happiness, or feelings are a form of punitive damages. That was true under the former version of the statute, which permitted the jury to consider "the worldly circumstances of the parties" and "the amount of bad faith in the transaction." *Westview Cemetery v. Blanchard*, 234 Ga. 540, 544 (2) (B) (216 SE2d 776) (1975) (citations and punctuations omitted). But the current version of OCGA § 51-12-6 does not permit the jury to consider such evidence; thus, the damages awarded thereunder are not punitive in nature. *Pampattiwar v. Hinson*, 326 Ga. App. 163, 171-173 (3) (756 SE2d 246) (2014).[4] It follows that the jury award in this case did not constitute a double recovery.

---

[4] The pre-1987 version of OCGA § 51-12-6 stated: "In a tort action in which the entire injury is to the peace, happiness, or feelings of the plaintiff, no measure of damages can be prescribed except the enlightened consciences of impartial jurors. In such a case, the worldly circumstances of the parties, the amount of bad faith in the transaction, and all the attendant facts should be weighed; and the verdict of the jury should not be disturbed unless the court suspects bias or prejudice from its excess or its inadequacy." See *Pampattiwar*, 326 Ga. App. at 172 (3) (citation omitted; emphasis in original).

9

Second, Dillard's contends for the first time in its appellate reply brief that its alternative pleading of its written j. n. o. v. motion as a motion for new trial defeats any waiver argument because "[t]he propriety of a new trial is not dependent on the same grounds being previously raised in a motion for directed verdict." "[T]his Court will not consider arguments raised for the first time in a reply brief." *Barron v. Wells Fargo Bank*, 332 Ga. App. 180, 187 (4) (769 SE2d 830) (2015) (citations omitted). In any event, the contention lacks merit. While arguments concerning the sufficiency of the evidence may be raised in a motion for new trial, and subsequently on appeal, even if the movant did not first seek a directed verdict on that ground, see *Aldworth Co. v. England*, 281 Ga. 197, 198-201 (2) (637 SE2d 198) (2006), Dillard's does not ask us to review the sufficiency of the evidence; it asks us to answer the legal question of whether Solomon was categorically foreclosed from an award of punitive damages. Dillard's could not avoid the requirement of making a timely objection simply by labeling his motion as one for new trial. See *Bryan v. Brown Childs Realty Co.*, 252 Ga. App. 502, 506-507 (2) (556 SE2d 554) (2001) (legal argument in motion for new trial was waived by party's failure to make contemporaneous objection).

Finally, Dillard's asserts that the trial court was bound by its prior concession that Dillard's had preserved its argument that the issue of punitive damages should

10

not have been submitted to the jury. When Dillard's orally renewed its request for j. n. o. v. after the jury returned its second verdict fixing the amount of punitive damages, the following exchange occurred:

> THE COURT: [T]hat is probably something that needs to be briefed.
> [DEFENSE COUNSEL]: Yes, Judge.
> THE COURT: And if there is law that says I'm wrong, then I will certainly consider it. I'm not going to grant the motion at this time.
> [DEFENSE COUNSEL]: We reserve the ruling.
> THE COURT: You reserved it, preserved it, whatever else you need to do, and you can file whatever . . . post-judgment motions that you deem appropriate.

We decline to rule that this passing comment by the trial court, made in the context of her observation that briefing was needed, constituted a final, binding ruling as to whether Dillard's had waived its argument.

Because Dillard's waived the argument that it raises on appeal, we affirm the award of punitive damages in this case.

*Judgment affirmed. Andrews, P. J., concurs. Miller, J., concurs in judgment only.*